**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Luis Sira,

　　　　Petitioner

v.

Todd Blanche, et al.,

　　　　Respondents

Case No.: 2:26-cv-00828-JAD-DJA

**Order Granting Motion to Extend Time and Directing Petitioner's Return to This District**

[ECF No. 7]

Petitioner Luis Sira seeks a writ of habeas corpus directing his release from immigration custody.[1]  On March 20, 2026, I appointed counsel for Sira and ordered that the federal respondents must not transfer him out of this district, with the exception of effectuating his lawful deportation.[2]  On April 20, 2026—the day Sira's amended petition was due—Sira's counsel filed a "notice of ongoing violation of [the] court's March 20, 2026, order and motion for extension of time to file amended petition."[3]  Counsel represents that, notwithstanding my order, Sira was transferred to the Golden State Annex in California on March 29, 2026.[4]  The U.S. Immigration and Customs Enforcement's (ICE) online detainee locator reflects that Sira remains detained there.[5]

Because Sira's counsel has been unable to meet with her client because of the transfer, counsel seeks a seven-day extension of time to file the amended petition.  And because Sira's

---

[1] ECF No. 4.

[2] ECF No. 3 at 3.

[3] ECF No. 7 (cleaned up).

[4] *Id.* at 3.

[5] *See Online Detainee Locator System*, U.S. Immigr. & Customs Enf't, https://locator.ice.gov/odls/#/search (search for Sira's A-Number 243074124 reflects that he is detained at Golden State Annex as of April 20, 2026).

transfer appears to be in violation of the court's order, and the government has been unable to transfer Sira back to this district since he was removed in late March, Sira's counsel asks that I direct the respondents to return him to the District of Nevada within 48 hours.  In support, she attaches an email chain between herself and government counsel in which the government appears to acknowledge that the transfer was not permitted and that ICE has been attempting to transfer him back.[6]  I find that the government violated this court's March 20, 2026, order when it transferred Sira out of this district on March 29, 2026, so the government is directed to return him to this district.  And Sira's counsel has shown good cause for an extension because she has been unable to meet with her client through no fault of her own, so I grant her extension motion.

## Conclusion

IT IS THEREFORE ORDERED that the federal respondents are in violation of the court's March 20, 2026, order directing that petitioner Luis Sira must not be transferred out of this district, with the exception of effectuating his lawful deportation.  **Luis Sira must be physically transferred to ICE custody at the Nevada Southern Detention Center in Pahrump, Nevada, no later than April 24, 2026.**  The respondents **must file a notice of compliance by April 27, 2026.**

IT IS FURTHER ORDERED that petitioner's motion to extend time **[ECF No. 7] is GRANTED**.  **The amended petition is due May 4, 2026**.

_____
U.S. District Judge Jennifer A. Dorsey
April 21, 2026

---

[6] ECF No. 7-1 (government counsel noting that, "[r]egarding [Sira's] transfer, I am in contact with the agency to remedy this").